**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GWENDOLYN STOVER,<br>3311 10th Place SE<br>Apt. 204<br>Washington, DC 20032<br><br>        *Plaintiff*<br><br>        v.<br><br>FAIR COLLECTIONS & OUTSOURCING, INC.<br>12304 Baltimore Avenue<br>Suite E<br>Beltsville, MD 20705<br><br>AND DOES 1-25<br><br>        *Defendants* | Civil Action No. 1:14-cv-00809<br><br>**COMPLAINT** |

**COMPLAINT**

Plaintiff Gwendolyn Stover ("Stover") brings this action against Fair Collections & Outsourcing, Inc. ("FCO") for unlawful debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692, *et seq*. and the District of Columbia Consumer Protection Procedures Act ("DCCPPA") D.C. Code § 28-3904 *et seq*.

**I.**

**JURISDICTION AND VENUE**

1.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337 in that the FDCPA claims involve a federal question. Supplemental jurisdiction over the DCCPPA claims may be exercised under 28 U.S.C. § 1367.

2.  Venue is proper under 28 U.S.C. § 1391(b)(2) in that the conduct giving rise to Stover's claims occurred in this jurisdiction.

1

## II.

## PARTIES

3. Stover is a sui juris adult resident within the District of Columbia.

4. Stover is a consumer as defined by 15 U.S.C. §1692a(3) and District of Columbia Code § 28-3901(a)(2) in that the alleged debt for apartment damages was incurred for personal, family or household purposes.

5. FCO is, and at all times mentioned herein was, a Maryland corporation with a principal place of business at 12304 Baltimore Avenue, Suite E, Beltsville, MD 20705. FCO regularly conducts business in the District of Columbia.

6. FCO is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. §1692a(6) in that they are primarily engaged in the business of collecting consumer debts.

7. FCO is, and at all times mentioned herein was, a merchant as defined by District of Columbia Code § 28-3901(a)(3) in that they provide consumer services in the ordinary course of business which are or would be the subject matter of a trade practice.

8. Does 1-25 are individual collectors employed by FCO and whose identities are currently unknown to Stover. One or more of Does 1-25 may be joined as parties once their identities are disclosed through discovery.

9. FCO has acted in concert to engage in the acts and practices described throughout this Complaint and each defendant is jointly, severally and vicariously liable for the acts and practices described below.

## III.

## FACTUAL ALLEGATIONS

8. Stover was a resident of the District of Columbia Housing Authority located at 3508 6th Street SE, Apt. 10, Washington DC 20032 ("Premises") for nearly 30 years.

9. In early September 2013, Stover submitted her notice of intent to vacate the Premises.

10. On September 12, 2013, the Premises were inspected by Edith Wilson ("Wilson") of Edgewood Management Co. ("Edgewood") whose "Summary Decision on Unit" certified that the Premises "passed" inspection.[1]

11. The only damages attributed to Stover on Wilson's "Inspection Checklist" was an interior door that had a "defective/missing frame" and "defective/missing hardware."[2]

12. On September 27, 2013, Stover received a "Landlord Certification" from Edgewood that any Housing Quality Standard violations for the Premises had been corrected.[3]

13. Stover vacated the premises on or about November 1, 2013.

14. On or about March 8, 2014, Stover received a dunning letter from FCO—an authorized agent retained, engaged and/or employed by Edgewood—claiming Stover owed a debt in the amount of $1,708.67 for damages to the Premises.

---

[1] Exhibit "A"

[2] *Id.* at Section 3.

[3] Exhibit "B"

15. On March 26, 2014—in response to Stover's dispute of the alleged debt—FCO allegedly verified the debt by producing a ledger report dated November 4, 2013 that listed an assortment of damages to the Premises.[4]

16. Stover avers that the ledger report is a communication in connection with attempting to collect a consumer debt.

17. Stover avers that the ledger report is false, deceptive and misleading in that no damages were made to the Premises by Stover as reflected in the Landlord Certification.

18. Stover avers that the ledger report is material to the issue of whether the alleged debt is valid.

19. Stover avers that FCO has engaged in false, deceptive and misleading collection efforts designed to abuse Edwards in violation of state and federal consumer protection laws.

20. Stover denies that any debt is owed to FCO or that she caused any damages to the premises.

21. FCO's actions are intentional, willful, malicious and in open defiance of state and federal consumer protection statutes.

22. Stover has been severely agitated, annoyed, traumatized, emotionally damaged, and unduly inconvenienced by the Defendants' misconduct.

## IV.

## **FIRST CLAIM FOR RELIEF**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 ET SEQ.**

23. Stover repeats, re-alleges and incorporates by reference paragraphs 1-22.

---

[4] Exhibit "C"

24. FCO violated 15 U.S.C. § 1692d in that they engaged in conduct the natural consequence of which is designed to annoy, harass, oppress, or abuse Stover by attempting to collect a debt that Stover does not owe.

25. FCO violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount and/or legal status of the alleged debt by falsely claiming Stover owes $1,708.67 in damages to the Premises when Wilson had already certified that the Premises "passed" inspection.

26. FCO's actions would be deceptive, misleading, abusive, and/or unfair to the least sophisticated consumer.[5]

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF THE CONSUMER PROTECTION PROCEDURES ACT

## DISTRICT OF COLUMBIA CODE § 28-3904 ET SEQ.

27. Stover repeats, re-alleges and incorporates by reference paragraphs 1-26, inclusive, above, as if fully set forth herein.

28. FCO violated D.C. Code § 28-3904(e) by misrepresenting a material fact in seeking to collect $1,708.67 for damages when the "Landlord Certification" states that "[Stover] has corrected all tenant violations" and the "Summary Decision on Unit" was that Stover "passed" inspection.

29. FCO violated D.C. Code § 28-3904(f) by failing to state a material fact that tends to mislead by claiming Stover is liable for $1,708.67 in damages to the Premises when the "Landlord Certification" states that "[Stover] has corrected all tenant violations" and the "Summary Decision on Unit" was that Stover "passed" inspection.

---

[5] *Jeter v Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985).

30. FCO violated D.C. Code § 28-3904(k) by falsely stating that $1,708.67 in services, replacements, or repairs were needed to the Premises after Edgewood certified that Stover "corrected all tenant violations" and the "Summary Decision on Unit" was "Passed."

31. FCO is subject to liability for $1,500 per violation under D.C. Code § 28-3905(k)(1)(A).

32. FCO is subject to liability for attorney's fees under D.C. Code § 28-3905(k)(1)(B).

33. FCO is subject to liability for punitive damages under D.C. Code § 28-3905(k)(1)(C).

## JURY DEMAND

Stover demands trial by jury on any and all counts for which trial by jury is permitted by law.

DATED: May 15, 2014                    Respectfully submitted,

                                        /s/   Dean Gregory
                                        Dean Gregory (Bar No. 1008846)
                                        **LAW OFFICES OF DEAN GREGORY**
                                        1000 Connecticut Avenue NW
                                        Suite 900
                                        Washington, D.C. 20036
                                        Telephone: (202) 905-8058
                                        Facsimile: (202) 776-0136
                                        E-mail: dean@deangregory.com

                                        *Attorney for PLAINTIFF*

# EXHIBIT "A"

# Inspection Checklist — Housing Choice Voucher Program

U.S. Department of Housing and Urban Development
Office of Public and Indian Housing

OMB Approval No. 2577-0169 (exp. 04/30/2014)
Case 1:14-cv-00809-RJL  Document 1  Filed 05/15/14  Page 8 of 12

Public reporting burden for this collection of information is estimated to average 0.25 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. This agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless that collection displays a valid OMB control number. Assurances of confidentiality are not provided under this collection.

This collection of information is authorized under Section 8 of the U.S. Housing Act of 1937 (42 U.S.C. 1437f). The information is used to determine if a unit meets the housing quality standards of the section 8 rental assistance program.

| Field | Value |
|---|---|
| Name of Family | STOVER GWENDOLYN M |
| Tenant ID Number | 100010719 |
| Date of Request | 08/21/2013 |
| Inspector | WILSON EDITH |
| Neighborhood Census Tract | 96.04 |
| Date of Inspection | 09/12/2013 |
| Type of Inspection | [X] Special (Reinspect) |
| Date of Last Inspection | 08/15/2013 |
| PHA | District of Columbia Housing Authority |

## A - General Information

Inspected Unit: 009101   Year of Construction: 1960   Insp.# 1000207878

Full Address: 3508 6th Street SE APT 10, Washington DC 20032
County: 8
Number of Children in Family Under 6: 0

Housing Type: [X] Low Rise: 3/4 Stories Including Garden

### Owner
Name of Owner or Agent: TRENTON PARK PARTNERSHIP LTD
Phone Number: (202)562-7400
Address: C/O EDGEWOOD MANAGEMENT CO 20316, GERMANTOWN MD 20876-7004

## B. Summary Decision on Unit

[X] Passed
Number of Bedrooms for Purposes of the FMR or Payment Standard: 2.00

## Inspection Checklist

| Item No. | Bathroom | Yes Pass | No Fail | In-Conc. | Comments | Approval Date |
|---|---|---|---|---|---|---|
| 3.6 | Ceiling Condition | | F | | Owner Responsibility : : (PC)Ceiling has loose/peeling paint below the De minimus levels  G.S | 09/12/2013 |

| Item No. | 4. Other Rooms Used For Living and Halls 4.1 Bedroom: right | Yes Pass | No Fail | In-Conc. | Comments | Approval Date |
|---|---|---|---|---|---|---|
| 4.11 | Door | | F | | Tenant Responsibility : : (PC) Interior door has defective/missing frame  Tenant Responsibility : : (PC) Interior door has defective/missing hardware (ie. keeper)  G.S. | 09/12/2013 |

| Item No. | Heating / Plumbing | Yes Pass | No Fail | In-Conc. | Comments | Approval Date |
|---|---|---|---|---|---|---|
| 7.9 | Heating System | | F | | Owner Responsibility : : (P/C) Filter is unclean  G.S | 09/12/2013 |

*Room Codes: 1 = Bedroom or any other room used for sleeping (regardless of type of room); 2 = Dining Room or Dining Area; 3=Second Living Room, Family Room, Den, Playroom, TV Room; 4=Entrance Halls, Corridors, Halls, Staircases; 5=Additional Bathroom; 6=Other

# EXHIBIT "B"

District of Columbia Housing Authority
Housing Choice Voucher Program
1133 North Capitol Street, Inspections Department
Washington, DC 20002

# NOTICE

The District of Columbia Housing Authority (DCHA) has changed its Housing Quality Standards (HQS) violations to reflect whether the violation is a major or minor violation. It is now our position that minor violations do not rise to the level to fail a unit. On the other hand these violations are still HQS violations and must be corrected. Effective on November 1, 2010, all violations that are marked with a "PC" must be corrected, and the tenant and landlord must self certify in writing that these violations have been corrected utilizing the form below. This dual certification will acknowledge that the tenant agrees that all owner violations have been corrected, and the landlord agrees that all tenant violations have been corrected. This must be completed before either the tenant is eligible for a transfer or the landlord is eligible for a rent increase.

## Tenant Certification

GWENDOLYN M STOVER
3508 6th Street SE 10
Washington, DC 20032

I, GWENDOLYN M STOVER, hereby certify that all minor HQS violations that were credited to me and listed on the attached list were corrected on __9-16-13__. I have entered my initials beside each violation that I have corrected. I understand that I might be re-inspected at some later time to validate this certification.

[X] I agree that the landlord has corrected all owner violations.

Signature: _Gwendolyn Stover_   Date: __9-27-13__

INCLUDE THE DISCREPANCY LIST WITH YOUR INITIALS BESIDE THE TENANT VIOLATIONS.

## Landlord Certification

TRENTON PARK PARTNERSHIP LTD
C/O EDGEWOOD MANAGEMENT CO
20316 SENECA MEADOWS PKWY
GERMANTOWN, MD 20876-7004

I, TRENTON PARK PARTNERSHIP LTD, hereby certify that all minor HQS violations that were credited to me and listed on the attached list were corrected on __9-16-13__. I have entered my initials beside each violation that I have corrected.

I understand that I might be re-inspected at some later time to validate this certification.

[X] I agree that the tenant has corrected all tenant violations.

Signature: _____   Date: __9-22-13__

INCLUDE THE DISCREPANCY LIST WITH YOUR INITIALS BESIDE THE OWNER VIOLATIONS.

Pass With Comment Inspection (Rev.2/15/13)

# EXHIBIT "C"

OneSite                                                                                       Page 1 of 3

## Meadowbrook Run
### Stover, Gwendolyn (Unit 3508-10)
### Resident ledger - as of Property date: 11/04/2013

| Unit | Date | Period | SubJ | Ctrl# | Code | Description | Doc# | Charges | Credits | Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 3508-10 | 11/04/2013 | 112013 | RESIDENT | | DEPAPPLIED | Apply Deposit To Charges Due | | | $81.00 | $1708.67 |
| 3508-10 | 11/04/2013 | 112013 | RESIDENT | | IDEP | Interest On Deposit Held - Gwendolyn Stover | 0 | | $17.33 | $1789.67 |
| 3508-10 | 11/04/2013 | 112013 | RESIDENT | | DAMAGES | Damage Charges - Stover - replace damage carpet | 0 | $720.00 | | $1807.00 |
| 3508-10 | 11/04/2013 | 112013 | RESIDENT | | DAMAGES | Damage Charges - Stover - remove trash | 0 | $200.00 | | $1087.00 |
| 3508-10 | 11/04/2013 | 112013 | RESIDENT | | DAMAGES | Damage Charges - Stover - missing towel bar | 0 | $20.00 | | $887.00 |
| 3508-10 | 11/04/2013 | 112013 | RESIDENT | | DAMAGES | Damage Charges - Stover - missing blind 2nd bedroom | 0 | $50.00 | | $867.00 |
| 3508-10 | 11/04/2013 | 112013 | RESIDENT | | DAMAGES | Damage Charges - Stover - missing 1 apt door key | 0 | $50.00 | | $817.00 |
| 3508-10 | 11/04/2013 | 112013 | RESIDENT | | DAMAGES | Damage Charges - Stover - missig socket cover 1st bedroom | 0 | $50.00 | | $767.00 |
| 3508-10 | 11/04/2013 | 112013 | RESIDENT | | DAMAGES | Damage Charges - Stover - double coat paint apartment | 0 | $250.00 | | $717.00 |
| 3508-10 | 11/04/2013 | 112013 | RESIDENT | | DAMAGES | Damage Charges - Stover - dirty stove | 0 | $45.00 | | $467.00 |
| 3508-10 | 11/04/2013 | 112013 | RESIDENT | | DAMAGES | Damage Charges - Stover - dirty refrigerator | 0 | $45.00 | | $422.00 |
| 3508-10 | 11/04/2013 | 112013 | RESIDENT | | DAMAGES | Damage Charges - Stover - dirty bathroom | 0 | $45.00 | | $377.00 |
| 3508-10 | 11/04/2013 | 112013 | RESIDENT | | DAMAGES | Damage Charges - Stover - damage window 2nd bedroom | 0 | $95.00 | | $332.00 |
| 3508-10 | 11/04/2013 | 112013 | RESIDENT | | DAMAGES | Damage Charges - Stover - damage blind in kitchen | 0 | $45.00 | | $237.00 |
| 3508-10 | 11/04/2013 | 112013 | RESIDENT | | DAMAGES | Damage Charges - Stover - damage blind 1st bedroom | 0 | $50.00 | | $192.00 |
| 3508-10 | 11/01/2013 | 112013 | RESIDENT | | RENT | Rent | | $132.00 | | $142.00 |
| 3508-10 | 10/10/2013 | 102013 | RESIDENT | | 21 PMTMORD | Payment By Money Order - Stover | 337063722 | | $96.00 | $10.00 |
| 3508-10 | 10/03/2013 | 102013 | LOCAL | | 12 PMTOTHER | Payment By Other - Stover | 1042232 | | $933.00 | $106.00 |
| 3508-10 | 10/01/2013 | 102013 | LOCAL | | LOC | Local Assistance | | $918.00 | | $1039.00 |
| 3508-10 | 10/01/2013 | 102013 | RESIDENT | | RENT | Rent | | $76.00 | | $121.00 |
| 3508-10 | 09/13/2013 | 092013 | RESIDENT | | 23 PMTMORD | Payment By Money Order - Stover | 333072782 | | $96.00 | $45.00 |
| 3508-10 | 09/06/2013 | | RESIDENT | | LATEFEE | September late fees | | $45.00 | | $141.00 |
| 3508-10 | 09/03/2013 | 092013 | LOCAL | | 16 PMTOTHER | Payment By Other - Stover | 10435464 | | $933.00 | $96.00 |
| 3508-10 | 09/01/2013 | 092013 | RESIDENT | | RENT | Rent | | $96.00 | | $1029.00 |
| 3508-10 | 09/01/2013 | 092013 | LOCAL | | LOC | Local Assistance | | $933.00 | | $933.00 |
| 3508-10 | 08/03/2013 | 082013 | LOCAL | | 13 PMTOTHER | Payment By Other - Stover | 10431884 | | $933.00 | $0.00 |
| 3508-10 | 08/03/2013 | 082013 | RESIDENT | | 10 PMTMORD | Payment By Money Order - Stover | 332099017 | | $96.00 | $933.00 |
| | | | | | | | | Balance | | $1,708.67 |

http://ver221527onesite.realpage.com/shell_cb/genericmodals/modalsupertableprint.htm?rc=4130...   11/9/2013