UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GWENDOLYN STOVER, <br><br>*Plaintiff/Third-Party Plaintiff* <br><br>v. <br><br>FAIR COLLECTIONS & OUTSOURCING, INC., <br><br>*Defendant* <br><br>v. <br><br>EDGEWOOD MANAGEMENT CORPORATION, A Maryland Corporation <br> 20316 Seneca Meadows Parkway <br> Germantown, MD 20876 <br><br>*Defendant* <br><br>AND DOES 1-25 | Civil Action No. 1:14-cv-00809 (RJL) |

**1st AMENDED COMPLAINT**

Plaintiff Gwendolyn Stover ("Stover") hereby files her 1st Amended Complaint against Edgewood Management Corporation ("Edgewood") for breach of contract and breach of the implied covenant of good faith and fair dealing, and Fair Collections & Outsourcing, Inc. ("FCO") for unlawful debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692, *et seq.* and the District of Columbia Consumer Protection Procedures Act ("DCCPPA") D.C. Code § 28-3904 *et seq.*

1

505327v.1

Case 1:14-cv-00809-RJL   Document 13   Filed 09/15/14   Page 2 of 11

## II.

## JURISDICTION AND VENUE

1. Jurisdiction is founded upon 15 U.S.C. §1692k(d), 15 U.S.C. §1681, 28 U.S.C. §1331 and §1337, which grant the United States District Courts jurisdiction to hear this action without regard to amount in controversy. Pendent and supplemental jurisdiction are proper under 28 U.S.C. §1367.

2. Venue is proper under 28 U.S.C. §1391(b)(2) as Edgewood and FCO regularly transacts business in this jurisdiction and the conduct complained of occurred in this jurisdiction. Moreover, Edgewood and FCO regularly uses the United States mail and/or instrumentalities of interstate commerce to further its primary business purpose in this jurisdiction.

## PARTIES

3. Stover is a sui juris adult resident within the District of Columbia.

4. Stover is a consumer as defined by 15 U.S.C. §1692a(3) and District of Columbia Code § 28-3901(a)(2) in that the alleged debt for apartment damages was incurred for personal, family or household purposes.

5. FCO is, and at all times mentioned herein was, a Maryland corporation with a principal place of business at 12304 Baltimore Avenue, Suite E, Beltsville, MD 20705. FCO regularly conducts business in the District of Columbia.

6. FCO is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. §1692a(6) in that they are primarily engaged in the business of collecting consumer debts.

7. FCO is, and at all times mentioned herein was, a merchant as defined by District of Columbia Code § 28-3901(a)(3) in that they provide consumer services in the ordinary course of business which are or would be the subject matter of a trade practice.

2
505327v.1

8.      Edgewood is a professional corporation organized and existing under the laws of the State of Maryland, with its principal place of business at 20316 Seneca Meadows Parkway, Germantown, Maryland, 20876. At all relevant times, Edgewood was engaged in, inter alia, the business of managing, operating and/or owning a multi-building apartment complex known as Trenton Park Apartments located in Washington, D.C.

9.      FCO and Edgewood have acted in concert to engage in the acts and practices described throughout this Complaint and each defendant is jointly, severally and vicariously liable for the acts and practices described below.

## **FACTUAL ALLEGATIONS**

1.      Stover was a resident of Trenton Park Apartments located at 3508 6th Street SE, Apt. 10, Washington DC 20032 ("Premises") for nearly 30 years.

2.      In early September 2013, Stover submitted her notice of intent to vacate the Premises.

3.      On September 12, 2013, the Premises were inspected by Edith Wilson ("Wilson") of Edgewood whose "Summary Decision on Unit" certified that the Premises "passed" inspection.[1]

4.      The only damages attributed to Stover on Wilson's "Inspection Checklist" was an interior door that had a "defective/missing frame" and "defective/missing hardware."[2]

---

[1] Exhibit "A"

[2] *Id.* at Section 3.

5.	On September 27, 2013, Stover received a "Landlord Certification" from Edgewood that any Housing Quality Standard violations for the Premises had been corrected.[3]

6.	Stover vacated the Premises on or about November 1, 2013.

7.	On or about March 8, 2014, Stover received a dunning letter from FCO—an authorized agent retained, engaged and/or employed by Edgewood—claiming Stover owed a debt in the amount of $1,708.67 for damages to the Premises.

8.	On March 26, 2014—in response to Stover's dispute of the alleged debt—FCO allegedly verified the debt by producing a ledger report from Edgewood dated November 4, 2013 that listed an assortment of damages to the Premises.[4]

9.	Stover avers that the ledger report is a communication in connection with attempting to collect a consumer debt.

10.	Stover avers that the ledger report is false, deceptive and misleading in that no damages were made to the Premises by Stover as reflected in the Landlord Certification.

11.	Stover avers that the ledger report is material to the issue of whether the alleged debt is valid.

12.	Stover avers that FCO has engaged in false, deceptive and misleading collection efforts designed to abuse Edwards in violation of state and federal consumer protection laws.

13.	Stover denies that any debt is owed to Edgewood or FCO or that she caused any damages after vacating the Premises.

---

[3] Exhibit "B"

[4] Exhibit "C"

4

505327v.1

14.     Edgewood failed to notify Stover of its intent to withhold Stover's security deposit to pay for the alleged damages within forty-five days after termination of the tenancy.

15.     Edgewood failed to provide Stover with an itemized statement of the repairs for which Stover's security deposit was applied within thirty days after termination of the tenancy.

16.     Stover has been severely agitated, annoyed, traumatized, emotionally damaged, and unduly inconvenienced by Edgewood and FCO's misconduct.

17.     Edgewood and FCO's actions are intentional, willful, malicious and in open defiance of state and federal consumer protection statutes.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 ET SEQ.

## (AS TO FCO)

18.     Stover repeats, re-alleges and incorporates by reference paragraphs 1-17.

19.     FCO violated 15 U.S.C. § 1692d in that they engaged in conduct the natural consequence of which is designed to annoy, harass, oppress, or abuse Stover by attempting to collect a debt that Stover does not owe.

20.     FCO violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character, amount and/or legal status of the alleged debt by falsely claiming Stover owes $1,708.67 in damages to the Premises when Wilson had already certified that the Premises "passed" inspection.

21. FCO's actions would be deceptive, misleading, abusive, and/or unfair to the least sophisticated consumer.[5]

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF THE CONSUMER PROTECTION PROCEDURES ACT

## DISTRICT OF COLUMBIA CODE § 28-3904 ET SEQ.

### (AS TO FCO)

22. Stover repeats, re-alleges and incorporates by reference paragraphs 1-21, inclusive, above, as if fully set forth herein.

23. FCO violated D.C. Code § 28-3904(e) by misrepresenting a material fact in seeking to collect $1,708.67 for damages when the "Landlord Certification" states that "[Stover] has corrected all tenant violations" and the "Summary Decision on Unit" was that Stover "passed" inspection.

24. FCO violated D.C. Code § 28-3904(f) by failing to state a material fact that tends to mislead by claiming Stover is liable for $1,708.67 in damages to the Premises when the "Landlord Certification" states that "[Stover] has corrected all tenant violations" and the "Summary Decision on Unit" was that Stover "passed" inspection.

25. FCO violated D.C. Code § 28-3904(k) by falsely stating that $1,708.67 in services, replacements, or repairs were needed to the Premises after Edgewood certified that Stover "corrected all tenant violations" and the "Summary Decision on Unit" was "Passed."

26. FCO is subject to liability for $1,500 per violation under D.C. Code § 28-3905(k)(1)(A).

---

[5] *Jeter v Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985).

27. FCO is subject to liability for attorney's fees under D.C. Code § 28-3905(k)(1)(B).

28. FCO is subject to liability for punitive damages under D.C. Code § 28-3905(k)(1)(C).

## THIRD CLAIM FOR RELIEF

## BREACH OF CONTRACT

## (AS TO EDGEWOOD)

29. Stover repeats, re-alleges and incorporates by reference paragraphs 1-28, inclusive, above, as if fully set forth herein.

30. A valid and enforceable rental agreement existed between the parties for approximately thirty years.

31. Stover performed her obligations under the contract.

32. Edgewood breached the contract by virtue of the following actions:

- Failing to notify Stover in writing of Edgewood's intent to withhold Stover's security deposit to pay for the alleged damages within forty-five days after termination of the tenancy as required by 14 DCMR § 309.1; and

- Failing to provide Stover with an itemized statement of the repairs for which Stover's security deposit was applied within thirty days thereafter as required by 14 DCMR § 309.2.

- Failing to comply with § 309.1 and § 309.2 constitutes prima facie evidence that Stover is entitled to full return, including interest as provided in 14 DCMR § 311, of any deposit or other payment made by Stover as security for performance of her obligations under the tenancy.

- Wrongfully retaining Stover's security deposit.

33. Edgewood's breach has caused Stover to suffer damages.

## **FOURTH CLAIM FOR RELIEF**

## **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

## **(AS TO EDGEWOOD)**

34. Stover repeats, re-alleges and incorporates by reference paragraphs 1-33, inclusive, above, as if fully set forth herein.

35. Edgewood breached their implied duties and violated the standards of decency, fairness, and reasonableness by facilitating FCO's subsequent debt collection contact with Stover by falsely claiming Stover caused damages to the Premises.

36. Edgewood breached their implied duties and violated the standards of decency, fairness, and reasonableness by facilitating FCO's subsequent debt collection contact with Stover after failing to notify her within forty-five days after termination of the tenancy of its intent to withhold the security deposit to pay for the alleged damages.

37. Edgewood breached their implied duties and violated the standards of decency, fairness, and reasonableness by facilitating FCO's subsequent debt collection contact with Stover after failing to provide her with an itemized statement of the repairs within seventy-five days after termination of the tenancy for which Stover's security deposit was applied.

38. As a result of Edgewood's conduct, Stover has suffered, and continues to suffer, economic losses and other damages, including attorney's fees and costs of suit.

39. Edgewood has acted with malice by engaging in the aforementioned business practices, and therefore, Stover is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

Stover respectfully prays that judgment for each violation be entered against Edgewood and FCO, jointly and severally, for the following:

    A.    Actual damages;

    B.    Statutory damages;

    C.    Punitive Damages;

    D.    Costs of suit and reasonable attorney's fees;

    E.    For such other and further relief as the court may deem proper.

## JURY DEMAND

Stover demands trial by jury.

DATED: September 15, 2014        Respectfully submitted,

   /s/   Dean Gregory
Dean Gregory (Bar No. 1008846)
**LAW OFFICES OF DEAN GREGORY**
1717 K Street NW
Suite 900
Washington, D.C. 2006
Telephone: (202) 905-8058
Facsimile: (202) 776-0136
E-mail: dean@deangregory.com

*Attorney for DEFENDANT AND COUNTER-PLAINTIFFS*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GWENDOLYN STOVER, | ) ) ) ) |  |
| *Plaintiff* | ) ) ) |  |
| v. | ) ) ) |  |
| FAIR COLLECTIONS & OUTSOURCING, INC., | ) ) ) ) | Civil Action No. 1:14-cv-00809 (RJL) |
| *Defendant* | ) ) ) |  |
| v. | ) ) ) |  |
| EDGEWOOD MANAGEMENT CORPORATION, A Maryland Corporation 20316 Seneca Meadows Parkway Germantown, MD 20876 | ) ) ) ) ) |  |
| *Defendant* | ) ) |  |

**ORDER**

UPON CONSIDERATION of the parties moving papers, it is hereby

ORDERED that Stover's Motion to join Edgewood Management Corporation is hereby GRANTED and Stover's 1st Amended Complaint shall be filed within ten calendar days from the date of this Order.

_____

Hon. Richard J. Leon

Copies to:

| | |
|---|---|
| Mr. Peter M. Moore, Esquire<br>**WILSON, ELSER, MOSKOWITZ ET AL.**<br>8444 Westpark Drive<br>Suite 510<br>McLean, Virginia 22102<br>Telephone: (703) 245-9300<br>Facsimile: (703) 245-9301<br>Peter.Moore@WilsonElser.com<br><br>*Attorney for DEFENDANT* | Mr. Dean Gregory, Esquire<br>**LAW OFFICES OF DEAN GREGORY**<br>1717 K Street NW<br>Suite 900<br>Washington, D.C. 20006<br>Telephone: (202) 905-8058<br>Facsimile: (202) 776-0136<br>E-mail: dean@deangregory.com<br><br>*Attorney for PLAINTIFF* |

505327v.1